IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHER DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| DEEPA REEVES<br><br>Plaintiff,<br><br>v.<br><br>MOBILE COUNTY REVENUE COMMISSION<br><br>Defendant, | Civil No. 19-1133<br>Judge<br>Magistrate Judge |

# COMPLAINT

Plaintiff Deepa Reeves ("Plaintiff" or "Reeves") files this lawsuit against her former employer Defendant Mobile County Revenue Commission ("Defendant " or "the Revenue Commission") for discrimination and retaliation as prohibited under 42 U.S.C.S. §2000e, *et. seq.* known as Title VII of the Civil Rights Act of 1964 ("Title VII").

Defendant engaged in discriminatory practices with malice and with reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks to recover compensatory and punitive damages from the Defendant as allowed in subsection (b) of 42 U.S.C.S. §1981a in addition to any relief authorized by section 706(g) of Title VII, including reinstatement, an award of backpay, pre-judgment interest, post-judgment interest and any other equitable relief as the Court deems appropriate.

Under 42 U.S.C.S. §1988 Plaintiff seeks to recover attorneys' fees, including expert fees as part of costs awardable to Plaintiff as prevailing party for enforcing §1981a.

I. Parties

1. Plaintiff was born in the country of India and all times relevant to this lawsuit a resident of Alabama.
2. Defendant Mobile County Revenue Commission is an employer as defined under Title VII. 42 U.S.C.S. § 2000e(e).
3. Defendant employed Plaintiff between April 2014 and June 2019

II. Jurisdiction and Venue

4. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 2201.
5. Venue is proper in the Southern District of Alabama under 28 U.S.C. §1391.
6. This is a suit authorized and instituted under Title VII of the Act of Congress, known as the "Civil Rights Act of 1964," 42 U.S.C.S. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991 and 42 U.S.C.S. §1981a which provide relief for discrimination because of race, nation of origin, color and gender and for retaliation.
7. Plaintiff filed her first charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on October 1, 2018. (Exhibit 1).

8. Plaintiff filed her second charge of discrimination with the EEOC on February 22, 2019. (Exhibit 2).

9. Plaintiff was issued a right to sue on September 30, 2019. (Exhibit 3).

10. Plaintiff sues within 90 days of her receiving notice.

## III. Factual Allegations

11. The Revenue Commission maps, appraises, assesses and collects *ad valorem* taxes on residential, commercial and industrial properties in Mobile County, Alabama.

12. Kim Hastie has been the Revenue Commissioner since October 2015.

13. Second in charge at the Revenue commission was Chief Deputy Tyler Pritchett.

14. Regan Downing and Donald Davis are co-managers of the Revenue Commission's Appraisal departments and are Plaintiff's immediate supervisors.

15. Brad Rhodes is a Property Evaluation and Defendant has placed him as supervisor over Plaintiff at times.

16. Plaintiff has been employed with the Revenue Commission since April 2013. began her employment with Defendants in April 2013.

17. During her tenure with Defendant Plaintiff sought career advancement, including training, certification and promotion.

18. Plaintiff meets the minimum job qualification requirements for the Property Appraiser II position.

19. The Revenue Commission has denied Plaintiff a promotion to Property Appraiser II.

20. In August 2017 Mr. Holt issued Plaintiff a counseling alleging "insubordination" and "performance" issues.

21. In November 2017 Mr. Downing issued Plaintiff a counseling alleging "insubordination" and "performance" issues and instructed her to remain at her desk during working hours not to disrupt other employees' work.

22. Beginning in 2018 the Revenue Commission has hired, appointed and promoted at least 5 individuals into the Property Appraiser II position.

23. In March 2018 a white female was selected to fill the vacancy for the Property Appraiser II.

24. After the first Property Appraiser II position had been in filled around March 2018, Plaintiff complained to Human Resources about her non-selection.

25. On or around June 7, 2018 Mr. Downing issued Plaintiff a counseling citing "insubordination" and "performance" issues.

26. On or around July 14, 2018 a white female and a black female were selected to fill the 2 vacancies for Property Appraiser II.

27. On or around August 13, 2018 Mr. Downing removed Plaintiff's driving privileges for 2 weeks based on anonymous report that purportedly included a photograph showing Plaintiff's county-issued car illegally parked.

28. On or around August 25, 2018 a white female and white male were selected to fill the 2 vacancies for Property Appraiser II.

29. Defendants job description for the Property Appraiser II position affirmatively states in the minimum qualification section there is a preference for candidates with the certification.

30. Plaintiff possessed the Alabama Certified Appraiser certification and the successful 2018 applicants for the Property Appraiser II position did not possess that certification before receiving the position.

31. Defendant provided certain successful promotees the opportunity to complete the certification coursework after they had been selected.

32. Tim Hall requested the promotion of two specific individuals, both white, for the August 2018 Property Appraiser II vacancy, and specifically stated he did not want Plaintiff.

33. In August 2018 Plaintiff e-mailed Chief Deputy Pritchett about the assignment of vehicles with GPS trackers "especially to the colored Appraisers."

34. Not all Appraiser I and II county-issued vehicles had GPS trackers before August 2018.

35. Defendant disciplined two female appraisers based on GPS trackers, including Joy Collins, and African American female.

36. Plaintiff received an evaluation in June by Mr. Rhodesand she requested to a meeting to have it revised.

37. The meeting was postponed several times.

38. In August 2018, during her meeting with Mr. Pritchett, Mr. Downing and Mr. Davis meeting she reported belief she was being discriminated against.

39. Plaintiff complained that she was being nitpicked, she was being scrutinized, written up prevented from advancement despite appraiser committing similar or more egregious performance mistakes being used to stop her career advancement.

40. Plaintiff also complained about being subjected to heightened scrutiny, based on her being assigned a county vehicle with GPS tracking, while certain others were not.

41. Plaintiff also complained that the GPS was being monitored more intensely for appraisers of color.

42. Mr. Downing stated that he could not believe things were so bad.

43. In a follow up email to Pritchett she had concerns about appraisers of color being assigned vehicles with GPS trackers.

44. On October 5, 2018 Plaintiff filed a charge of discrimination with EEOC.

45. On November 30, 2018 Defendant submitted a 23 page detailed position statement to the EEOC with over 45 exhibits.

46. After filing a charge of discrimination Plaintiff was called into a meeting with Mr. Regan Downing, Ronald Davis and Mr. Pritchett.

47. On January 7, 2019 given a warning based on alleged complaints from unidentified appraisers for making "indirect" and "direct" remarks regarding their promotions.

48. She was told to "knock it off" it would "not be tolerated."

49. During this meeting she was told there had been an investigation – though she was not informed of one taking place until she was issued a warning.

50. Plaintiff felt the warning should intimidate her from engaging protected activity as it specifically requested the next step be her suspension or dismissal.

51. After this meeting Plaintiff felt further isolated, segregated from her colleagues.

52. On or around April 27, 2019 Defendant issued a "unsatisfactory job performance" service rating.

53. Mr. Downing statement supporting the "unsatisfactory job performance" service rating included "Deepa was counselled on January 7, 2019 after she approached newly promote appraisal department workers, stating her displeasure of their promotion (instead of her)" and "Below Standard ratings for these categories: Team work; leadership; work under pressure; attendance work on deadlines; ability to work independently; initiative; problem solving" and marked as deficient in "open to feedback" and "productivity."

54. Plaintiff experienced physical symptoms related to heightened anxiety, including chest pains and difficulty sleeping.

55. Plaintiff filed a grievance reexamine her service rating.

56. However, the service rating remained the same.

57. Plaintiff submitted her resignation because Defendants rating her below standards after her charge of discrimination combined with other false write-ups made it clear she could no longer advance her career with Defendant and because of the physical symptoms she was experiencing from what she considered a hostile work environment.

## IV. Causes of Action

### A. Count I: Discrimination based on race, color, and nation of origin

58. Plaintiff realleges paragraphs 1-56 above with the same force and effect as if set out in specific detail herein below.

59. Plaintiff's was born in India, and is of Indian heritage, and believes her Indian heritage evokes prejudices related to race, color, and nation of origin.

60. Defendant discriminated against Plaintiff regarding terms, conditions, benefits, and privileges of employment because of her Indian heritage.

61. Defendant discriminated against her by treating her differently in recruitment, examination, appointment, training and promotion from individuals outside her protected category – specifically those who were not Indian.

62. Plaintiff met the minimum qualifications for the Appraiser II position.

63. Plaintiff possessed the certification Defendant's job description for Appraiser II states is preferred.

64. Defendant promoted Caucasians who did not meet the minimum job qualifications to the Property Appraiser II position.

65. Defendant promoted Caucasians who met the minimum job qualifications for the Property Appraiser II position even though they did not have the preferred certification like Plaintiff possessed.

66. Vacancies for the Property Appraiser position were involved pre-selection.

67. Vacancies were filled using subjective criterion that deviated from Defendant's written policies.

68. Defendant selected individuals with the same, similar or worse documented job performance issues than Plaintiff.

69. Defendant's putative non-discriminatory business justification for Plaintiff's non-selection is false.

70. Defendant's putative non-discriminatory business justification for Plaintiff's non-selection is merely pretext intended to hide discrimination.

71. Defendant subjected Plaintiff to heightened scrutiny based on her nation of origin, race, and color.

72. Defendant ratified and/or condoned actions and omissions by managers that Plaintiff reported were discriminatory.

73. Plaintiff's race, color, nation of origin and religion were motivating factors in Defendant's employment practices, regarding the terms, conditions and privileges of employment. 42 U.S.C.S. § 2000e-2(m).

74. Defendant failed to meet its affirmative duty to maintain a work environment free of discrimination based on race, color and national origin.

75. Defendant's discrimination against Plaintiff because or her race, nation of origin, color and religion was done maliciously, willfully and with reckless disregard of Plaintiff's federally protected rights under Title VII.

76. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and this suit for backpay, reinstatement, declaratory judgment, injunctive relief, compensatory and punitive damages is her only means of securing adequate relief.

77. Plaintiff is now suffering and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B. Count II: Discrimination based on sex

78. Plaintiff realleges paragraphs 1-76 above with the same force and effect as if set out in specific detail herein below.

79. Defendant discriminated against Plaintiff regarding terms, conditions, benefits, and privileges of employment because of her female gender.

80. Defendant discriminated against her by treating her differently in recruitment, examination, appointment, training and promotion from individuals outside her protected category – specifically those who were not women.

81. Plaintiff met the minimum qualifications for the Appraiser II position.

82. Plaintiff possessed the certification Defendant's job description for Appraiser II states is preferred.

83. Defendant promoted men who did not meet the minimum job qualifications to the Property Appraiser II position.

84. Defendant promoted men who met the minimum job qualifications for the Property Appraiser II position but did not have the preferred certification like Plaintiff possessed.

85. Vacancies were filled using subjective criterion that deviated from Defendant's written policies.

86. Defendant selected men with the same, similar or worse documented job performance issues than Plaintiff.

87. Defendant's putative non-discriminatory business justification for Plaintiff's non-selection is false.

88. Defendant's putative non-discriminatory business justification for Plaintiff's non-selection is merely pretext intended to hide gender discrimination.

89. Defendant subjected Plaintiff to heightened scrutiny based on her being a woman of Indian descent.

90. Defendant ratified and/or condoned actions and omissions by managers that Plaintiff reported were discriminatory.

91. Plaintiff's gender was a motivating factor in Defendant's employment practices, regarding the terms, conditions and privileges of employment. 42 U.S.C.S. § 2000e-2(m).

92. Defendant failed to meet its affirmative duty to maintain a work environment free of discrimination based on gender.

93. Defendant's discrimination against Plaintiff because gender was done maliciously, willfully and with reckless disregard of Plaintiff's federally protected rights under Title VII.

94. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and this suit for backpay, reinstatement, declaratory judgment, injunctive relief, compensatory and punitive damages is her only means of securing adequate relief.

95. Plaintiff is now suffering and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

C. Count III: Retaliation & Retaliatory Hostile Work Environment

96. Plaintiff realleges paragraphs 1-94 above with the same force and effect as if set out in specific detail herein below.

97. Plaintiff engaged in protected activity by reporting and opposing discrimination prohibited under Title VII.

98. Plaintiff engaged in protected activity by reporting illegal discrimination in her to Defendant's agents and employees, including with supervisors and representatives of the Human Resource Department.

99. Plaintiff engaged in protected activity by filing a charge of discrimination with the EEOC.

100. Plaintiff suffered adverse employment actions including subjecting her to heightened scrutiny, a retaliatory hostile work environment, isolation, segregation, altering the terms of her employment, issuing false negative corrective actions, issuing negative performance evaluations, threatening suspension and termination.

101. The alleged actions individually in the aggregate were intended to dissuade those from engaging in protected activity.

102. Defendant, its agents and employees knew Plaintiff's protected activity before the adverse employment decisions had been made.

103. Defendant fails to articulate a legitimate non-discriminatory reason for subjecting to the adverse employment conditions.

104. Plaintiff's protected activity was a motivating factor in Defendant's adverse employment decisions.

105. Said retaliation was done maliciously, willfully and with reckless disregard for the Plaintiff's rights.

106. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and this suit for backpay, reinstatement, declaratory judgment, injunctive relief, compensatory and punitive damages is her only means of securing adequate relief.

107. Plaintiff is now suffering and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays this Court assume jurisdiction and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants' companies violate the rights of Plaintiff as secured by Title VII and 42 U.S.C.S. Section §1981a.
2. Grant Plaintiff a permanent injunction enjoining Defendants' companies, its agents, successors, employees, attorneys and those acting with Defendants

and at Defendants' request from continuing to violate Title VII; 42 U.S.C.S. §1981a.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding her reinstatement or front pay, back pay (plus interest), compensatory damages, punitive damages, pre- and post- judgment interests, and loss benefits including retirement, pension, seniority and other lost benefits of employment.
4. Plaintiff further prays for such relief and benefits as the cause of justice may require, including but not limited to, an award of costs including attorneys' fees, expert fess and other litigation expense.

Plaintiff demands a trial by struck jury.

Respectfully submitted,

/s/ Daniel Arciniegas

Daniel Arciniegas
Arciniegas Law PLLC
810 Oak Meadow
P.O. Box 682344
Franklin, TN 37068
T. 629.777.5339
F. 615.988.9113
www.AttorneyDaniel.com
*Attorney for Plaintiff*

Defendant's Address

Mobile County Revenue Commission
3925 Michael Blvd. Suite G,
Mobile Alabama 36609